IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYERS MONIGAN and GEORGIA MONIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL PRESTO INDUSTRIES and WAL-MART STORES, INC., <br><br> Defendants. _____/ | No. C 12-3698 SI <br><br> **FINAL PRETRIAL SCHEDULING ORDER** |

On January 15, 2014, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning Tuesday, January 21, 2014. All parties were represented by counsel. The following matters were resolved:

1. **Trial Judge Bernard Zimmerman:** Because of a calendar conflict with a criminal trial, the undersigned will be unavailable to try this action as scheduled. All parties consented to have the matter tried by retired/recalled Magistrate Judge Bernard Zimmerman, and Judge Zimmerman is available to conduct the trial as scheduled. Consequently, Judge Zimmerman will be the trial judge for this action. The courtroom deputy will inform counsel which courtroom to report to, and may schedule a planning telephone conference call on Friday afternoon between counsel and Judge Zimmerman.

2. **Voir dire**: There shall be a jury of seven members. Each side shall have up to four peremptory challenges. The court will conduct general voir dire, and counsel for each side shall have up to 15 minutes total to question the panel. Judge Zimmerman will further direct counsel as to his preferred method of conducting the voir dire process.

3. **Jury instructions**: Counsel have submitted joint proposed jury instructions.

4. **Trial exhibits**: Counsel represented that they have stipulated to all exhibits for trial purposes. Accordingly, counsel may bring the exhibits with them to the first day of trial. The exhibits shall be premarked and in binders with numbered tabs separating each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimated that the trial should take approximately 4-5 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 8 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

6. **Trial schedule**: Monday, January 20, 2014 is a federal holiday. Consequently, trial will begin on Tuesday, January 21, 2014. The daily trial schedule will be determined by Judge Zimmerman.

7. **Motions in limine**: The parties filed motions in limine, as follows:

**PLAINTIFFS' MOTION IN LIMINE NO. 1** to exclude evidence of Myers Monigan's prior criminal convictions. GRANTED IN PART and DENIED IN PART: evidence of the 2011 conviction will be allowed; evidence related to the 1993 convictions will be excluded.

Defendants seek to introduce evidence showing that plaintiff was convicted of three felonies, one in 2011 (for Controlled Substance Abuse Fraud) and two in 1993 (one for possession of cocaine and one for attempting to escape jail). "Under Rule 609(a), evidence of a prior conviction may be admitted for impeachment purposes if the probative value out-weighs the prejudicial effect of admission." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004). The probative value of the 2011 conviction outweighs the potential prejudice. The 2011 conviction for Controlled Substance Abuse

Fraud is relevant to Mr. Monigan's credibility as it is a crime that involves deceit. In addition, the evidence is relevant to Mr. Monigan's mental state during the incident as it shows that he was potentially under the influence during the incident, and it is relevant to his damages because it potentially negates Mr. Monigan's claims of pain and suffering following the incident.

Although FRE 609 allows a witness to be impeached by evidence of a criminal conviction, Rule 609(b) states that if more than 10 years have passed since the witness's conviction, then the conviction is only admissible if its probative value substantially outweighs its prejudicial effect. The two convictions in 1993 are over 20 years old, and the convictions are not very probative particularly in light of the fact that defendants can already raise the 2011 conviction.

Accordingly, the parties are precluded from introducing evidence about Mr. Monigan's two 1993 convictions, but are not foreclosed from offering evidence concerning the 2011 conviction. At the Pretrial Conference, defendants agreed to limit the documentary evidence concerning the 2011 conviction to the judgment of conviction.

**PLAINTIFFS' MOTION IN LIMINE NO. 2** to exclude evidence of Myers Monigan's narcotics addition and CURES report. DENIED.

Plaintiffs argue that evidence of Mr. Monigan's narcotics addiction and CURES (Controlled Substance Utilization Review and Evaluation System) report[1] should be excluded pursuant to FRE 402 and 403. Mr. Monigan's CURES report shows that in the six weeks prior to the accident, Mr. Monigan filled four prescriptions for oxycodone issued by two different doctors, including one prescription that was issued a week before the accident. Although this evidence of narcotics abuse may be prejudicial, it is relevant to Mr. Monigan's mental state during the night of the incident because it is possible he was under the influence of these narcotics at that time; it is relevant to Mr. Monigan's credibility because this evidence shows that he may have been deceitful in obtaining these narcotics; and it is relevant to Mr. Monigan's damages as this evidence is potentially consequential concerning Mr. Monigan's claims

---

[1] The CURES database is administered by the California Department of Justice and was created to help doctors and pharmacies make better prescribing decisions. A CURES report is a listing of all the controlled substances dispensed to a particular person in California.

of pain and suffering following the incident.

**PLAINTIFFS' MOTION IN LIMINE NO. 3** to exclude evidence of the instruction booklet and warning tag on the cord of the product. DENIED.

Plaintiffs argue that evidence of the product's instruction booklet and warning tag should be excluded pursuant to FRE 402 and 403. Defendants correctly argue that if plaintiffs want to admit the product into evidence they must admit the product as a whole. The warning tag and instruction booklet are parts of the product. Moreover, these parts of the product are relevant to the foreseeable use of the product.

**DEFENDANTS' MOTION IN LIMINE NO. 1** to exclude from trial any evidence pertaining to lost wages or lost future earning potential pursuant to Fed. R. Civ. P. 37(c)(1). GRANTED (UNOPPOSED)

Defendants argue that the Court should preclude from trial any evidence pertaining to lost wages or lost future earning potential because plaintiffs failed to provide calculations for these theories of damages as required by Rule 26(a)(1). Rule 26 requires a party to make certain initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). The rule expressly requires that the plaintiff provide to the other parties "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The plaintiff is also required to "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based." *Id.* Rule 26(e) creates an obligation for parties to supplement the information disclosed under Rule 26(a) in a timely manner, including its computation of damages. Fed. R. Civ. P. 26(e).

Rule 37(c)(1) states that where a party fails to provide the information "required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden of showing that the failure to disclose was substantially justified or harmless lies with the party facing sanctions. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). Rule 37(c)(1) sanctions have been described "as a self-executing, automatic

4

sanction to provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

In their initial disclosures, plaintiffs stated that they were seeking, among other things, damages for lost wages and future earning potential. However, plaintiffs did not provide calculations for these requested damages. Through written discovery, defendants sought further information from plaintiffs about their claim for lost wages. However, plaintiffs only replied: "Discovery is ongoing. According to proof" in both their original response and in an amended response to defendants' written discovery. Plaintiffs do not oppose this motion, and, thus, have not shown that their failure to disclose the required calculations was substantially justified or harmless. Moreover, it appears that plaintiffs are self-employed, so they should have had the ability to turn over the requested information.

**DEFENDANTS' MOTION IN LIMINE NO. 2** to exclude from trial any evidence pertaining to future medical expenses pursuant to Fed. R. Civ. P. 37(c)(1) . GRANTED (UNOPPOSED).

Similar to defendants' first motion in limine, defendants argue that the Court should preclude from trial any evidence pertaining to future medical expenses because plaintiffs failed to provide a calculation for this theory of damages as required by Rule 26(a)(1). In their initial disclosures, plaintiffs state that they are seeking, among other things, damages for future medical expenses. However, plaintiffs did not provide a calculation for that theory of damages. In the Joint Pretrial Conference Statement, plaintiffs state that Dr. Gladstone will testify about the need for future medical care. However, the discovery provided by Dr. Gladstone and Dr. Greenberg do not provide any detail about plaintiffs' future medical expenses. Plaintiffs do not oppose this motion, and, thus, have not shown that their failure to disclose the required calculation was substantially justified or harmless.

**IT IS SO ORDERED.**

Dated: January 15, 2014

_____
SUSAN ILLSTON
United States District Judge

5