1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MYERS MONIGAN; and GEORGIA MONIGAN,

        Plaintiffs,

   v.

NATIONAL PRESTO INDUSTRIES, INC.; and
WAL-MART STORES, INC.,

        Defendants.

_____/

No. C 12-3698 SI

**PROPOSED CLAIMS AND DEFENSES
JURY INSTRUCTION**

      In anticipation of the January 29, 2014 telephonic status conference, the Court issues the attached proposed Claims and Defenses jury instruction. The Court ORDERS the parties to be prepared to discuss the attached proposed jury instruction at the status conference.

      **IT IS SO ORDERED.**

Dated: January 29, 2014

                                _____
                                 BERNARD ZIMMERMAN
                                 United States Magistrate Judge

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The claims for you to decide are whether one or both of the Defendants were negligent and whether one or both of the Defendants distributed, manufactured, or sold a product—here, the Fry Daddy Junior electric deep fryer—that was defectively designed. Plaintiffs seek damages that they claim resulted from Defendants' negligence and the fryer's defective design.

Myers Monigan claims that he was harmed by National Presto Industries and Wal-Mart Stores, Inc.'s negligence.  To establish this claim, Myers Monigan must prove that National Presto Industries and/or Wal-Mart Stores, Inc. negligently designed, manufactured, or supplied the fryer, and that their negligence was a substantial factor in causing any harm Myers Monigan suffered.  A designer, manufacturer, or supplier is negligent if it fails to use the amount of care that a reasonably careful company would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

Myers Monigan also claims that he was harmed by a product distributed, manufactured, or sold by Defendants that was defectively designed. To establish this claim, Myers Monigan must satisfy one of two alternative tests.

To establish his claim under the first test, Myers Monigan must prove that National Presto Industries and/or Wal-Mart Stores, Inc. manufactured, distributed, or sold the fryer; that the fryer did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way; and that the fryer's failure to perform safely was a substantial factor in causing any harm Myers Monigan suffered.

To establish his claim under the second test, Myers Monigan must prove that National Presto Industries and/or Wal-Mart Stores, Inc. manufactured, distributed, or sold the fryer, and that the fryer's design was a substantial factor in causing any harm Myers Monigan suffered. If Myers Monigan is able to prove this, then he has established his claim under the second test unless Defendants prove that the benefits of the product's design outweigh the risks of the

design.  In deciding whether the benefits outweigh the risks, you should consider factors such as the gravity and likelihood of the potential harms resulting from the use of the fryer and the feasibility, costs, and disadvantages of an alternative design.

Georgia Monigan claims that she has been harmed by the injury to her husband.  If you decide that Myers Monigan has proved one or more of his claims against National Presto Industries and/or Wal-Mart Stores, Inc., you must also decide how much money if any, will reasonably compensate Georgia Monigan for loss of her husband's companionship and services.

Plaintiffs have the burden of proving each of these claims by preponderance of the evidence.  This means you must be persuaded by the evidence that the claim is more probably true than not true.

Defendants deny those claims and contend that plaintiffs' negligence was a substantial factor in causing their alleged injuries and that the plaintiffs misused the product.  To succeed on their claim that Myers Monigan was negligent, Defendants must prove that Myers Monigan negligently misused the fryer or he was otherwise negligent,

and that this negligence was a substantial factor in causing his harm.

Defendants also claim that the negligence or fault of Georgia Monigan contributed to Myers Monigan's harm.  To succeed on this claim, Defendants must prove that Georgia Monigan was negligent or at fault; and that this negligence or fault was a substantial factor in causing Myers Monigan's harm.

Defendants also claim that they are not responsible for Plaintiffs' claimed harm because the fryer was misused.  To succeed on this defense, Defendants must prove that the fryer was misused after it left Defendants' possession, and that the misuse was so highly extraordinary that it was not reasonably foreseeable to Defendants, and therefore should be considered as the sole cause of Plaintiffs' harm.

The Defendants have the burden of proving each of these defenses by preponderance of the evidence.

The Plaintiffs deny Defendants' affirmative defenses.